UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRANCE BROWNLEE,<br>   Plaintiff,<br>  v.<br>B. OMOSALE, et al.,<br>   Defendants. | Case No. 20-cv-01580-WHO (PR)<br><br>**ORDER TO SHOW CAUSE WHY PAUPER STATUS IS NOT BARRED** |

  Plaintiff Terrence Brownlee, a state prisoner and frequent litigant in federal court, has filed this federal civil rights action under 42 U.S.C. § 1983 along with a motion to proceed *in forma pauperis* (IFP) under 28 U.S.C. § 1915.  **Brownlee is ordered to show cause on or before September 8, 2020 why 28 U.S.C. § 1915(g) does not bar pauper status in this action.**

  A prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

  Under the law of this circuit, plaintiff must be afforded an opportunity to persuade the court that section 1915(g) does not bar pauper status for him. *See Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005). *Andrews* requires that the prisoner be given notice of the potential applicability of section 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that section 1915(g)

does not bar pauper status for him. *Id. Andrews* implicitly allows the court to raise *sua sponte* the section 1915(g) problem, but requires the court to notify the prisoner of the earlier dismissals it considers to support a section 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action. *Id.* A dismissal under section 1915(g) means that a prisoner cannot proceed with his action as a pauper under section 1915(g), but he still may pursue his claims if he pays the full filing fee at the outset of the action.

Here, Brownlee has had at least three prior prisoner actions or appeals dismissed by a federal court on the grounds that they are frivolous, malicious, or that they failed to state a claim upon which relief may be granted:

**(1)** *Brownlee v. Hoffman*, No. 2:00-cv-02666-LKK-JFM (E.D. Cal. Aug. 7, 2001) (suit dismissed upon the recommendation of a magistrate judge for failure to state a claim on which relief can be granted);

 **(2)** *Brownlee v. Smith*, No. 2:03-cv-00746-DFL-DAD (E.D. Cal. Jun. 17, 2003) (suit dismissed upon the recommendation of a magistrate judge for failure to state a claim on which relief can be granted);

 **(3)** *Brownlee v. Armoskus*, 2:07-cv-02040-KJD-PAL (E.D. Cal. Jan. 26, 2011) (suit dismissed upon the recommendation of a magistrate judge for failure to state a claim on which relief can be granted).

The Ninth Circuit regards these three suits as strikes. In an appeal from a judgment issued by the undersigned, the Ninth Circuit ordered Brownlee to show cause why the above suits should not bar him from proceeding IFP. The federal appellate court found Brownlee's response to the Order to Show Cause insufficient, revoked his IFP status, and ordered him to pay the full filing fee. When Brownlee failed to pay the fee, the Ninth Circuit dismissed the appeal for failure to prosecute. *Brownlee v. Lam*, No. 18-16923 (9th Cir. Sept. 10, 2019).

In light of these dismissals, and because Brownlee does not appear to be under imminent danger of serious physical injury, the Court now orders him to show cause why

1  IFP status should not be denied and the present suit should not be dismissed pursuant to
2  28 U.S.C. § 1915(g).

3  Brownlee's response to this order to show cause is due no later than **September 8,**
4  **2020**. The response must clearly be labeled "RESPONSE TO ORDER TO SHOW
5  CAUSE." In the alternative to showing cause why this action should not be dismissed,
6  Brownlee may avoid dismissal by paying the full filing fee of $400.00 by September 7,
7  2020.

8  Failure to file a proper response by **September 8, 2020**, or failure to pay the full
9  filing fee by that date, will result in the dismissal of this action without prejudice to
10 plaintiff bringing his claims in a new paid complaint.

11 **IT IS SO ORDERED.**

12 **Dated:** July 22, 2020



WILLIAM H. ORRICK
United States District Judge

3