UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TERRANCE BROWNLEE,

    Plaintiff,

    v.

B. OMOSALE, et al.,

    Defendants.

Case No. 20-cv-01580-WHO (PR)

**ORDER OF DISMISSAL**

Dkt. No. 3

## INTRODUCTION

Plaintiff Terrence Brownlee is barred from bringing this action *in forma pauperis* because he has filed at least three federal actions that were dismissed as frivolous, malicious, or on grounds that they failed to state a claim for relief. He was ordered to show cause why pauper status should not be barred, but he has not shown any reason the suit should not be dismissed. Accordingly, this federal civil rights action is DISMISSED without prejudice to Brownlee bringing his claims in a new paid complaint.

## BACKGROUND

Brownlee, a state prisoner and frequent litigant in federal court, filed this federal civil rights action under 42 U.S.C. § 1983 along with a motion to proceed *in forma pauperis* (IFP) under 28 U.S.C. § 1915. He was ordered to show cause why the action should not be dismissed under 28 U.S.C. § 1915(g), which provides that a prisoner may not bring a civil action IFP "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of

serious physical injury." (Dkt. No. 6.) The Order identified three prior federal court actions ("strikes") that appeared to count under section 1915(g) and allowed plaintiff an opportunity to respond, as required by *Andrews v. King*, 398 F.3d 1113 (9th Cir. 2005). The Order also informed Brownlee he could avoid dismissal by paying the filing fee by the deadline.

The strikes identified were:

**(1)** *Brownlee v. Hoffman*, No. 2:00-cv-02666-LKK-JFM (E.D. Cal. Aug. 7, 2001) (suit dismissed upon the recommendation of a magistrate judge for failure to state a claim on which relief can be granted);

**(2)** *Brownlee v. Smith*, No. 2:03-cv-00746-DFL-DAD (E.D. Cal. Jun. 17, 2003) (suit dismissed upon the recommendation of a magistrate judge for failure to state a claim on which relief can be granted);

**(3)** *Brownlee v. Armoskus*, 2:07-cv-02040-KJD-PAL (E.D. Cal. Jan. 26, 2011) (suit dismissed upon the recommendation of a magistrate judge for failure to state a claim on which relief can be granted).

The Ninth Circuit regards these three suits as strikes. In an appeal from a judgment issued by the undersigned, the Ninth Circuit ordered Brownlee to show cause why the above suits should not bar him from proceeding IFP. The federal appellate court found Brownlee's response to the Order to Show Cause insufficient, revoked his IFP status, and ordered him to pay the full filing fee. When Brownlee failed to pay the fee, the Ninth Circuit dismissed the appeal for failure to prosecute. *Brownlee v. Lam*, No. 18-16923 (9th Cir. Sept. 10, 2019).

## DISCUSSION

In his response to the Order to Show Cause, Brownlee alleges that on July 20, 2020, he was subjected to mistreatment at the hands of unidentified persons. (Dkt. No. 7.) Because of this incident, he contends, he qualifies under the imminent danger exception to § 1915(g).

This is an insufficient showing. The exception under section 1915(g) applies if the complaint makes a plausible allegation that the prisoner faced "imminent danger of serious physical injury" <u>at the time of filing</u>. 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). For the exception to apply, the Court must look to the conditions the "prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews*, 493 F.3d at 1053, 1056 (requiring that prisoner allege "an ongoing danger" to satisfy the imminency requirement).

Here, the complaint was filed in March 2020 and the alleged attack occurred months later, in July. Therefore, Brownlee has not shown he was in imminent danger of serious physical injury at the time of filing.

Brownlee therefore has not shown any reason that the restrictions of section 1915(g) should not be imposed. He has failed to (i) pay the filing fee; (ii) show that any of the strikes do not qualify under section 1915(g); (iii) show that he qualifies for the imminent danger exception; or (iv) otherwise show cause why this action should not be dismissed.

Accordingly, Brownlee's IFP application is DENIED. (Dkt. No. 3.) This civil rights action is DISMISSED without prejudice to Brownlee bringing his claims in a new paid complaint.

## CONCLUSION

This action is DISMISSED without prejudice and the IFP motion is DENIED. The Clerk shall terminate all pending motions, enter judgment in favor of defendants, and close the file.

**IT IS SO ORDERED.**

**Dated:** January 27, 2021



WILLIAM H. ORRICK
United States District Judge